# EXHIBIT 2

Court File No. 4254/17

**ONTARIO**
**SUPERIOR COURT OF JUSTICE**

BETWEEN:

**MIRANDA STIRLING**

Plaintiff

- and -

**THE STORY SO FAR, 2431757 ONTARIO INC. O/A PHOENIX CONCERT THEATRE, COLLECTIVE CONCERTS INC., GOOD FIGHT ENTERTAINMENT LLC, JOHN DOE TALENT AGENCY, and JOHN DOE.**

Defendants

STATEMENT OF CLAIM

TO THE DEFENDANT(S)

**A LEGAL PROCEEDING HAS BEEN COMMENCED AGAINST YOU** by the Plaintiff. The claim made against you is set out in the following pages.

**IF YOU WISH TO DEFEND THIS PROCEEDING,** you or an Ontario lawyer acting for you must prepare a Statement of Defence in Form 18A prescribed by the Rules of Civil Procedure, serve it on the Plaintiff's lawyer or, where the Plaintiff does not have a lawyer, serve it on the Plaintiff, and file it, with proof of service, in this court office, **WITHIN TWENTY DAYS** after this Statement of Claim is served on you, if you are served in Ontario.

If you are served in another province or Territory of Canada or in the United States of America, the period for serving and filing your Statement of Defence is forty days.

Court File No. 4254/17

**ONTARIO**
**SUPERIOR COURT OF JUSTICE**

BETWEEN:

**MIRANDA STIRLING**

Plaintiff

- and -

**THE STORY SO FAR, 2431757 ONTARIO INC. O/A PHOENIX CONCERT THEATRE, COLLECTIVE CONCERTS INC., GOOD FIGHT ENTERTAINMENT LLC, JOHN DOE TALENT AGENCY, and JOHN DOE.**

Defendants

STATEMENT OF CLAIM

TO THE DEFENDANT(S)

**A LEGAL PROCEEDING HAS BEEN COMMENCED AGAINST YOU** by the Plaintiff. The claim made against you is set out in the following pages.

**IF YOU WISH TO DEFEND THIS PROCEEDING,** you or an Ontario lawyer acting for you must prepare a Statement of Defence in Form 18A prescribed by the Rules of Civil Procedure, serve it on the Plaintiff's lawyer or, where the Plaintiff does not have a lawyer, serve it on the Plaintiff, and file it, with proof of service, in this court office, **WITHIN TWENTY DAYS** after this Statement of Claim is served on you, if you are served in Ontario.

If you are served in another province or Territory of Canada or in the United States of America, the period for serving and filing your Statement of Defence is forty days.

If you are served outside Canada and the United States of America, the period is sixty days.

Instead of serving and filing a Statement of Defence, you may serve and file a Notice of Intent to Defend in Form 18B prescribed by the Rules of Civil Procedure. This will entitle you to ten more days within which to serve and file your Statement of Defence.

**IF YOU FAIL TO DEFEND THIS PROCEEDING, JUDGMENT MAY BE GIVEN AGAINST YOU IN YOUR ABSENCE AND WITHOUT FURTHER NOTICE TO YOU.**

**IF YOU WISH TO DEFEND THIS PROCEEDING BUT ARE UNABLE TO PAY LEGAL FEES, LEGAL AID MAY BE AVAILABLE TO YOU BY CONTACTING A LOCAL LEGAL AID OFFICE.**

**IF YOU PAY THE PLAINTIFF'S CLAIM** and $5,000 within the time for delivering your statement of defence, you may move to have this proceeding dismissed by the court. If you believe the amount claimed for costs is excessive, you may have to pay the Plaintiff's claim and $400 for costs and have the costs assessed by the court.

**TAKE NOTICE: THIS ACTION WILL BE AUTOMATICALLY DISMISSED** if has not been set down for trial or terminated by any means within five years after the action was commenced unless otherwise ordered by the court.

Date: Oct 26, 2017 Issued by: P. Dumont

Local Registrar

Address of court office:

491 Steeles Avenue East
Milton, Ontario
L9T 1Y7

TO: THE STORY SO FAR MUSIC, LLC
c/o Agent for Service of Process
William Levy
3213 Whitehaven Drive
Walnut Creek CA 94598

AND TO: 2431757 ONTARIO INC O/A PHOENIX CONCERT THEATRE
410 Sherbourne Street
Toronto, ON
M5X 1K2

AND TO: COLLECTIVE CONCERTS INC.
370 Queen Street West
Toronto, ON
M5V 2A2

AND TO: GOOD FIGHT ENTERTAINMENT LLC
253 Hurffville Road
Sewell, NJ 08080

AND TO: JOHN DOE

1. The Plaintiff claims from the Defendants:

   (a) General damages in the amount of $750,000.00;

   (b) Special damages in the amount of $750,000.00;

   (c) Punitive, aggravated, or exemplary damages in the amount of $100,000.00;

   (c) Prejudgement and post-judgment interest pursuant to the provisions of the *Courts of Justice Act*, R.S.O. 1990, as amended;

   (d) Her costs of this action on a substantial indemnity basis together with the HST;

   (e) Such further and other relief as this Honourable Court may deem just.

2. The Plaintiff, **MIRANDA STIRLING**, resides in the city of Hamilton in the Province of Ontario.

3. The Defendant, **THE STORY SO FAR MUSIC LLC** (hereinafter referred to as "**THE STORY SO FAR**), is an American pop punk band from Walnut Creek, California, formed in 2007, and was at all material times performing live at the Defendant **PHOENIX CONCERT THEATRE.**

4. The Defendant, **2431757 ONTARIO INC. O/A PHOENIX CONCERT THEATRE,** (hereinafter referred to as "**PHOENIX CONCERT THEATRE**"), is a corporation duly incorporated pursuant to the laws of the Province of Ontario. At all material times, this Defendant was the occupier of the lands and premises known as 410 Sherbourne Street, Toronto, Ontario, which includes a large theatre operating as the **PHOENIX CONCERT THEATRE.**

5. The Defendant, **COLLECTIVE CONCERTS INC.**, is an independent concert promotor in the City of Toronto, in the Province of Ontario. It produces events in various venues including night clubs, arenas and outdoor spaces across the country. On the night in question, this Defendant provided security services to the Defendant, **PHOENIX CONCERT THEATRE**.

6. The Defendant, **GOOD FIGHT ENTERTAINMENT LLC**, is a business operating out of Sewell, New Jersey. The company consists of a record label, band management, sports management, a clothing line and an art studio. The Defendant, **GOOD FIGHT ENTERTAINMENT LLC,** is responsible for the management of the Defendant **THE STORY SO FAR.**

7. The Defendant, **JOHN DOE TALENT AGENCY**, is a diversified talent agency operating out of the United States of America and/or Canada. It represents artists, performers, brands, intellectual properties and production across all media platforms including film, television, music, theatre, publishing and digital. At all material times this Defendant was the agent responsible for booking the event involving the Defendant, **THE STORY SO FAR**, at the Defendant establishment, **PHOENIX CONCERT THEATRE** for a performance that occurred on November 3, 2015.

8. The Defendant, **JOHN DOE**, was at all material times in attendance during the performance of the Defendant, **THE STORY SO FAR**, at the Defendant establishment, **PHEONIX CONCERT THEATRE**. This Defendant recklessly dove from the stage into the crowd, landing on the Plaintiff, **MIRANDA STIRLING**, and causing severe injuries to her cervical spine.

9. On the 3rd day of November, 2015, the Plaintiff, **MIRANDA STIRLING**, attended a concert at the Defendant establishment, **PHEONIX CONCERT THEATRE,** to hear a live performance by the Defendant, **THE STORY SO FAR**. Prior to the

commencement of the concert the Plaintiff, **MIRANDA STIRLING**, was standing near the front of the stage.

10. At the commencement of the performance of the Defendant, **THE STORY SO FAR**, numerous concert goers excitedly rushed towards the stage, and the area where the Plaintiff, **MIRANDA STIRLING**, was standing became extremely crowded. Some of the crowd then began climbing on to the stage, and then diving off the stage into the crowd.

11. No security guards or other personnel stepped in to stop or control this stage diving behaviour.

12. The Plaintiff, **MIRANDA STIRLING**, was unable to move away from the stage due to the crowding around the stage. While she was situated near the front of the stage the Defendant, **JOHN DOE**, dove from the stage and landed on the Plaintiff, **MIRANDA STIRLING.**

13. The Plaintiff, **MIRANDA STIRLING**, immediately felt a crack and excruciating pain in her neck area as a result of the impact of the Defendant, **JOHN DOE** landing on her.

14. The Plaintiff, **MIRANDA STIRLING**, states that a result of the actions of the Defendant, **JOHN DOE,** she has sustained a serious and permanent injury to her cervical spine.

15. The Plaintiff, **MIRANDA STIRLING,** further states that her injuries were caused by the negligence and/or intentional acts of the Defendants, **THE STORY SO FAR, PHOENIX CONCERT THEATRE, COLLECTIVE CONCERTS INC., GOOD FIGHT ENTERTAINMENT LLC, JOHN DOE TALENT AGENCY, and JOHN DOE**, as set out below.

16. The negligence of the Defendant, **THE STORY SO FAR**, includes but is not limited to, the following acts and/or omissions:

(a) It failed to provide a safe environment for its fans;

(b) It failed to warn fans of the dangerous manoeuvres taking place from the stage before and/or during the performance;

(c) It failed to take any actions towards limiting/stopping dangerous crowd activities during its performance;

(d) It directly or indirectly encouraged fans to stage dive during its performance;

(e) It failed to notify security at the venue of the dangerous conditions existing in and around the stage area during the concert;

(f) It failed to stop the performance in order to warn fans of the dangerous behaviour taking place near the stage;

(g) It contributed to a harmful and dangerous environment by continuing its performance notwithstanding the dangerous behaviour on and near the stage;

(h) It promoted and encouraged chaotic fan behaviour;

(i) It they failed to seek help from others in charge when the crowd became uncontrollable;

(j) It knew or ought to have known that there would be dangerous activities/manoeuvres occurring from and near the stage, and failed to cancel the performance or provide security measures to prevent or limit such dangerous activities.

(k) Such further and other grounds as counsel shall advise.

17. The negligence of the Defendants, **2431757 ONTARIO INC. O/A PHEONIX CONCERT THEATRE**, includes but is not limited to the following acts and omissions:

(a) It provided an unsafe environment where it knew or ought to have known that there was potential for concert attendees to be injured;

(b) It failed to obey and enforce capacity limitations for the venue;

(c) It employed, contracted with or allowed incompetent agents to provide security during the Story So Far concert;

(d) It knew or ought to have known that the security personnel responsible for security at the Story So Far concert were incompetent, improperly trained and/or inadequately equipped to provide proper and safe security to patrons including the Plaintiff, **MIRANDA STIRLING**;

(e) It failed to provide proper training and instruction to its staff with respect to the safe management of crowd behaviour and proper crowd control;

(f) It failed to adequately supervise its employees, contractors and agents responsible for providing security during the concert;

(g) It knew that the Defendant, **THE STORY SO FAR**, had a reputation of encouraging stage diving and unruly crowd behaviour and took no preventative measures to protect the individuals attending the subject concert, including the Plaintiff, **MIRANDA STIRLING**.

(h) It failed to take any actions towards limiting/stopping dangerous crowd activities during its performance;

(i) It failed to prevent the Defendant, **JOHN DOE**, from injuring the Plaintiff, **MIRANDA STIRLING**, during a concert at the Defendant establishment.

(j) It failed to maintain a reasonably safe environment for the concert goers including the Plaintiff, contrary to the requirements of the Occupiers Liability Act.

(k) Such further and other grounds as counsel shall advise.

18. The negligence of the Defendant, **COLLECTIVE CONCERTS INC.**, includes but is not limited to the following acts and omissions:

(a) It failed to ensure that there was adequate crowd protection and control and/or security on the night in question;

(b) It knew or ought to have known that the security personnel responsible for security at the Story So Far concert were incompetent, improperly trained and/or inadequately equipped to provide proper and safe security to patrons of the concert including the Plaintiff, **MIRANDA STIRLING**;

(c) It failed to provide proper training and instruction to its staff with respect to the management of crowd behaviour, and proper and safe methods of crowd control;

(d) It failed to adequately supervise its employees, contractors and agents to ensure that the venue was properly prepared and equipped for the crowd behaviour anticipated during the concert by the Defendant, **THE STORY SO FAR;**

(e) It knew or ought to have known that the Defendant, **JOHN DOE,** was a danger to members of the public including the Plaintiff, **MIRANDA STIRLING,** but took no action to protect the Plaintiff from the reckless actions of **JOHN DOE**;

(f) Such further and other acts and omissions as counsel may advise.

19. The negligence of the Defendant, **GOOD FIGHT ENTERTAINMENT LLC,** includes but is not limited to the following acts and omissions:

(a) It failed to warn other Defendants of the dangers and dangerous activities that were anticipated to occur during the Story So Far concert;

(b) It employed, contracted with or allowed incompetent agents to provide security during the Storey So Far concert;

(c) It knew or ought to have known that the security personnel responsible for security at the Story So Far concert were incompetent, improperly trained and/or inadequately equipped to provide proper and safe security to patrons of the concert including the Plaintiff, **MIRANDA STIRLING**;

(d) It failed to provide proper training and instruction to its staff with respect to the management of crowd behaviour, and proper and safe methods of crowd control;

(e) It employed or contracted with security personnel whom it knew or ought to have known were incompetent or inadequately trained to deal with members of the public and crowd control;

(f) It knew or ought to have known that the Defendant, **JOHN DOE,** was a danger to members of the public including the Plaintiff, **MIRANDA STIRLING**;

(g) Such further and other acts and omissions as counsel may advise.

20. The negligence of the Defendant, **JOHN DOE TALENT AGENCY**, includes but is not limited to the following acts and omissions:

(a) It failed to warn other Defendants of the dangers and dangerous activities that were anticipated to occur during the Story So Far concert;

(b) It employed, contracted with or allowed incompetent agents to provide security during the Story So Far concert;

(c) It knew or ought to have known that the security personnel responsible for security at the Story So Far concert were incompetent, improperly trained and/or inadequately equipped to provide proper and safe security to patrons of the concert including the Plaintiff, **MIRANDA STIRLING**;

(d) It failed to provide proper training and instruction to its staff with respect to the management of crowd behaviour, and proper and safe methods of crowd control;

(e) It employed or contracted with security personnel whom it knew or ought to have known were incompetent or inadequately trained to deal with members of the public and crowd control;

(f) It knew or ought to have known that the Defendant, **JOHN DOE,** was a danger to members of the public including the Plaintiff, **MIRANDA STIRLING**;

(g) Such further and other acts and omissions as counsel may advise.

21. The negligence of the Defendant, **JOHN DOE**, includes, but is not limited to, the following acts and/or omissions:

(a) He dove into a crowd from the stage when it was not safe to do so;

(b) He jumped on the Plaintiff, **MIRANDA STIRLING**, during a concert;

(c) He knew or ought to have known of the danger he was creating by jumping into a crowd from the stage but proceeded to jump into the crowd notwithstanding the risk of injury to individuals standing in the crowd;

(d) Such further and other grounds as counsel shall advise.

22. As a result of the negligence of the Defendants the Plaintiff, **MIRANDA STIRLING**, has suffered and sustained the following injuries:

(a) C3-C4 right facet dislocation;

(b) Anterior cervical discectomy with fusion and plating;

(c) Neck pain;

(d) Restricted range of motion in her neck;

(e) Psychological difficulties;

(f) Such further and other injuries as counsel shall advise..

23. The Plaintiff, **MIRANDA STIRLING,** states that as a direct result of her injuries from this incident that she has experienced pain and suffering, and an inability or restricted ability to engage in her regular, daily activities and other recreational pursuits.

24. The Plaintiff, **MIRANDA STIRLING,** states that as a direct result of her injuries from this incident her ability to earn her income is affected and will be affected in the future.

25. The Plaintiff, **MIRANDA STIRLING,** states that as a direct result of her injuries from this incident she is unable to participate in her housekeeping and home maintenance tasks to the same extent she was able to prior to the incident.

26. The Plaintiff, **MIRANDA STIRLING,** states that as a direct result of her injuries from this incident she has incurred expenses for healthcare, attendant care and other goods and services. Details of these treatments and services will be provided prior to or at the time of the trial of this action.

27. The Plaintiff pleads and relies upon the following legislation:

(a) *The Negligence Act,* R.S.O. 1990, Chapter N.1 and amendments thereto;

(b) *The Occupiers' Liability Act,* R.S.O. 1990, Chapter O.2. and amendments thereto;

(c) Such further and other legislation as counsel may advise.

Date: Oct 26. 2017

**MARTIN & HILLYER ASSOCIATES**
Barristers and Solicitors
2122 Old Lakeshore Road
Burlington, Ontario
L7R 1A3

**M. CLAIRE WILKINSON**
LSUC # 37385A
(t) 905.637.5641 (f) 905.637.5404

Lawyers for the Plaintiff

**MIRANDA STIRLING**
*plaintiff(s)*

v.

**THE STORY SO FAR et al**
*defendant(s)*

**Court File No.** 4354/17

***ONTARIO***
**SUPERIOR COURT OF JUSTICE**
*proceeding commenced at:*

**MILTON**

**STATEMENT OF CLAIM**

**MARTIN & HILLYER ASSOCIATES**
2122 Lakeshore Road
Burlington, Ontario L7R 1A3

**Claire Wilkinson**, LSUC #37385A
(t) 905-637-5641 (f) 905-637-5404

*lawyer for the Plaintiff(s)*

Court File No.: 4254/17

***ONTARIO***
**SUPERIOR COURT OF JUSTICE**

**B E T W E E N:**

**MIRANDA STIRLING**

*plaintiff*

- and -

**THE STORY SO FAR, 2431757 ONTARIO INC., O/A PHOENIX CONCERT THEATRE, COLLECTIVE CONCERTS INC., GOOD FIGHT ENTERTAINMENT LLC, JOHN DOE TALENT, and JOHN DOE.**

*defendants*

**AFFIDAVIT OF SERVICE**

I, [NAME OF PROCESS SERVER], of the City of [CITY], of the State of New Jersey, in the United States of America, **affirm and say as follows:**

1. I served the Defendant, GOOD FIGHT ENTERTAINMENT LLC, with the Statement of Claim by leaving a copy with [NAME OF EMPLOYEE], who is a [JOB POSITION] with the Defendant corporation, and who was in care and control at the time of service, at [ADDRESS].
2. I was able to identify [EMPLOYEE] by means of verbal identification.

**AFFIRMED BEFORE ME** in [CITY], New Jersey on **[DATE]**

______________________________
*a Commissioner, etc.*

______________________________
**[NAME OF PROCESS SERVER]**

**STIRLING**
*plaintiff(s)*

*v.*

**THE STORY SO FAR et al**
*defendant(s)*

**Court File No. 4254/17**

*ONTARIO*
SUPERIOR COURT OF JUSTICE
*proceeding commenced at:*

**MILTON**

**AFFIDAVIT OF SERVICE**

**MARTIN & HILLYER ASSOCIATES**
*Wilkinson Injury Law Professional Corp.*
2122 Lakeshore Road
Burlington, Ontario L7R 1A3

**Claire Wilkinson**, LSUC #37385A
(t) 905-637-5641 (f) 905-637-5404

*lawyer for the Plaintiff(s)*