**EXHIBIT 3**

STATE OF NORTH CAROLINA    IN THE GENERAL COURT OF JUSTICE
COUNTY OF ROWAN            SUPERIOR COURT DIVISION
                              2017 JUL 14 P 2:17          17-CVS-793

FILED
ROWAN CO., C.S.C.
BY_____M_____

MEGAN OSBORN, )
         )
   Plaintiff, )
         )
         )    **AMENDED COMPLAINT**
vs. )
         )
GOOD FIGHT )
ENTERTAINMENT, LLC; )
SCOTT VOGEL, NICK JETT, )
MARTIN STEWART, JORDAN )
POSNER and DAVID WOOD, )
d/b/a TERROR; NORTH )
DAVIDSON ACQUISITION, )
LLC; MAXXMUSIC, INC. and )
NEIGHBORHOOD THEATRE )
PARTNERS, LLC, )
         )
   Defendants. )

---

      NOW COMES Plaintiff, by and through her attorneys, Payton D. Hoover, and the law firm of Campbell & Associates, upon written consent of the adverse parties and in accordance with Rule 15(a) of the North Carolina Rules of Civil Procedure, amending her Complaint and complaining of Defendants, jointly and severally, as follows:

      1.      Plaintiff is a citizen and resident of Rowan County, North Carolina.

      2.      Upon information and belief, Defendant North Davidson Acquisition LLC is a North Carolina corporation that, at all relevant times, owned the property and the rights to the Neighborhood Theatre located at 11 E. 36th St., Charlotte, North Carolina.

      3.      Upon information and belief, Defendant MaxxMusic is a North Carolina corporation that provided staffing, security, promotions and/or booking for Neighborhood Theatre at all relevant times.

      4.      Upon information and belief, Defendant Neighborhood Theatre Partners, LLC is a North Carolina corporation that owned and operated the Neighborhood Theatre located at 11 E. 36th Street, Charlotte, North Carolina and was in charge of hiring and supervising security to keep the premises safe for its patrons.

5. Defendant Good Fight Entertainment, LLC is a New Jersey corporation that, at all relevant times, was managing, promoting and booking Defendant Terror, a hardcore punk band that played concerts nationally and internationally, including in Mecklenburg County, North Carolina.

6. Upon information and belief, Defendants Scott Vogel, Nick Jett, Martin Stewart, Jordan Posner and David Wood, doing business as the band "Terror" (hereinafter "Defendant Terror"), an unincorporated musical band composed of these individual Defendants, that arranged, choreographed, designed, performed, derived income from, and produced, in part or whole, a live concert at the Neighborhood Theatre venue on May 26, 2015. The band members, including leader singer Scott Vogel, made pertinent decisions leading to and proximately causing Plaintiff's injuries.

7. On May 26, 2015, Plaintiff, an invitee of the premises and Defendants, was attending a concert of the band "The Story So Far" at the Neighborhood Theatre located at 11 E. 36th Street, Charlotte, North Carolina. Defendant Terror was one of the opening musical acts.

8. Upon information and belief, one or more of the Defendants owned and operated the Neighborhood Theatre venue and promoted, booked, supervised, and staffed this concert event.

9. As the Plaintiff was watching the performance by Defendant Terror, multiple members of the audience were encouraged to get up on the stage at the express request and prompting of Defendant Terror and its front man, Defendant Scott Vogel. None of the other Defendants did anything to prevent this activity.

10. As a direct and proximate cause of Defendant Terror's, particularly Defendant Vogel's, willful and wanton acts, at least one of the audience members on stage dove into the air, off the stage, flipped in the air, and landed directly onto the Plaintiff's head, neck, shoulders, and back, resulting in severe and permanent injuries as more particularly described herein.

11. At the time of the incident, there was no warning that patrons would be allowed on stage or to dive off the stage and into the crowd, especially in a manner that Defendants knew or should have known would result in foreseeable injuries.

12. Upon information and belief, one or more of the Defendants knew, or should have known through reasonable diligence, care and inspection of the premises that this dangerous condition would exist and in fact did exist on the premises on the day in question.

13. As a direct and proximate result of the aforesaid negligence, breach of duties and willful and wanton acts/omissions of one or more of the Defendants, as described herein, Plaintiff has sustained severe, permanent, and painful injuries to her person, including, but not limited to a broken neck, as well as other injuries, and that all of

Plaintiff's aforesaid injuries and damages have caused her to suffer physical pain, suffering, permanent scarring and mental anguish to the present time.

14. As a further direct and proximate result of the negligence, breach of duties and willful and wanton acts/omissions of one or more of the Defendants, Plaintiff has become obligated for the payment of large sums of money for doctor bills, prescriptions and other medical care, attention and treatment, past, present, and future.

15. That as a direct and proximate result of the negligence, breach of duties of and willful and wanton acts and omissions of one or more of the Defendants, Plaintiff has sustained a loss of earning capacity and a loss of wages from her employment during the time of her convalescence and necessary appointments to treat her injury.

16. All of Plaintiff's aforesaid injuries and damages were a direct and proximate result of the negligence, willful and wanton acts and omissions and breach of duties of one or more of the Defendants whose negligence consisted of the following willful and wanton acts and/or omissions:

   a. failing to inspect the premises for dangerous conditions, such as the stage diving;

   b. failing to keep the premises in a reasonably safe condition;

   c. allowing a dangerous condition on the property;

   d. failing to properly supervise or train the security personnel;

   e. failing to adequately staff the event with security personnel;

   f. failing to stop the dangerous activity that was known, or should have been known by Defendants, who were in a position to prevent, stop, and/or minimize the dangerous activity;

   g. failing to adequately warn of the dangerous activity on the premises that was known, or should have been known;

   h. allowing, promoting, encouraging and inciting an obvious dangerous activity on the premises that was reasonably foreseeable to injure and/or harm patrons at the concert;

   i. failing to warn the venue and the patrons of the dangerous propensities of the band Defendant Terror;

   j. failing to have any knowledge of the band booked so adequate safety measures could be put in place;

   k. allowing the situation to get out of control; and

    l.   maintaining, operating, booking, performing, and promoting the concert on the premises in a manner that was otherwise careless, negligent, and/or deceptive.

17. As a direct and proximate result of the negligence and breach of duties of one or more of the Defendants, Plaintiff has sustained injuries and damages in an amount in excess of $25,000.

18. As a direct and proximate result of the willful and wanton acts and omissions of one or more of the Defendants, Plaintiff is entitled to punitive damage under Chapter 1D of the North Carolina General Statutes in an amount in excess of $25,000.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for a judgment against one or more of the Defendants, jointly and severally, as follows:

A. That Plaintiff have and recover an amount in excess of $25,000 for her personal injuries and damages, together with interest thereon at the statutory rate.

B. That Plaintiff have and recover an amount in excess of $25,000 for punitive damages.

C. That all of the issues of fact be tried by a Jury.

D. That the costs of this action be taxed against one or more of the Defendants.

E. For attorney fees pursuant to NCGS 6-21.1.

F. That Plaintiff be awarded such other, further and different relief to which the Court may deem Plaintiff is entitled.

This the 11th day of July, 2017.

CAMPBELL & ASSOCIATES
Attorneys for Plaintiff

Payton D. Hoover
NC BAR NO 32110
717 East Boulevard
Charlotte, NC 28203
704-333-0885

I Consent to the Plaintiff's filing of the Amended Complaint:

_____
Wesley Faulk
*Attorney for Defendant Maxxmusic, Inc.*

I Consent to the Plaintiff's filing of the Amended Complaint:

*[signature]*
Todd King
*Attorney for Defendant Neighborhood Theatre Partners, LLC*

704-333-0885

We Consent:

_____
Wesley Faulk
*Attorney for Defendant Maxxmusic, Inc.*

*/s/ John Barringer*
John Barringer
*Attorney for Defendant North Davidson Acquisition LLC.*

_____
Todd King
*Attorney for Defendant Neighborhood Theatre Partners, LLC*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that he has served a copy of the foregoing document upon counsel of record by mailing a true copy thereof, through the United States mail, first class, postage prepaid on this the 11th day of July, 2017, and addressed as follows:

Wesley F. Faulk
HINSON FAULK, P.A.
309 Post Office Drive
Indian Trail, NC 28079

John P. Barringer
McAngus, Goudelock & Courie, PLLC
P.O. Box 30307
Charlotte, NC 28230

Todd A. King
Cranfill, Sumner & Hartzog, L.L.P.
Post Office Box 30787
Charlotte, NC 28230

Payton D. Hoover
*Attorney for Plaintiff*